```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```
ALVIN SEIGER,

      Plaintiff,

v.                                  Case No. 8:16-cv-475-T-33AEP

HERBERT E. WOLLOWICK, et al.,

      Defendants.

_____/

## ORDER

This matter comes before the Court in consideration of Plaintiff Alvin Seiger's Motion for Judgment After Default (Doc. # 25), filed on August 31, 2016. The time for filing a response has passed and no response in opposition has been filed, nor has a motion to set aside the default entered by the Clerk against Defendant Mindy and Joe's Food Solutions, Inc. been filed. For the reasons that follow, the Court grants the Motion.

**I.   Background**

Seiger is over 18 years of age and "is a disabled individual who has, among other things, physical and mental impairments that substantially limit one or more major life activities." (Doc. # 1 at ¶¶ 4-5). Seiger's physical impairment requires him to use a wheelchair and "a mental impairment . . . requires Mrs. Seiger[, who is Seiger's wife

and attorney-in-fact,] to undertake all decisions on" his behalf. (Id. at ¶¶ 6, 8).

Defendant Herbert E. Wollowick is the owner and lessor of real property and related facilities located at 2164 Gulf Gate Drive, Sarasota, Florida 34231, which is the property at issue in this suit. (Id. at ¶ 12). The premises that are the subject of this suit contain "a grocery store/Restaurant and related facilities." (Id. at ¶ 15). Defendant Food Solutions is a Florida corporation with "its main place of business in Sarasota County, Florida." (Id. at ¶ 13). Food Solutions is the lessee or operator of a restaurant located on the property owned by Wollowick. (Id. at ¶ 14). Seiger desires to visit the property but he is deterred from doing so "until the discriminatory barriers of access of which he is aware are removed and remedied." (Id. at ¶¶ 26, 28).

Seiger therefore brought this action on February 29, 2016, against Wollowick and Food Solutions. (Id.). The Complaint alleges the following violations:

PARKING AND ACCESS TO MAIN ENTRANCE

    a. There is no accessible parking space provided.
    b. There is no accessible route from the parking space to the main entrance of the facility.

RESTROOM

2

      c. The entry door to the restroom is less than 32″ wide
      d. The door hardware is inaccessible.
      e. There is no signage appropriately placed on the wall at the latch side of the door indicating the location of the nearest accessible restroom.
      f. The restroom does not provide sufficient maneuvering clearance within the existing footprint for a safe transfer.
      g. The restroom does not provide a compliant side wall grab bar.
      h. The restroom does not provide a compliant rear wall grab bar.
      i. The toilet paper dispenser is placed in an inaccessible location.

(Id. at ¶ 30). Based on these alleged violations, the Complaint asserts two Counts: a claim for injunctive relief against Wollowick and Food Solutions for violations of the American with Disabilities Act, 42 U.S.C. § 12101, et seq. (Count I); and a claim for injunctive relief against Wollowick and Food Solutions for violations of the Florida Americans with Disabilities Accessibility Implementation Act, Fla. Stat. § 553.501, et seq. (Count II).

    Service of process was effected as to Food Solutions on April 1, 2016, and as to Wollowick on April 9, 2016. (Doc. ## 8-9). On April 26, 2016, Seiger applied for the entry of Clerks' Default against Food Solutions; Food Solutions was defaulted the next day, April 27, 2016. (Doc. ## 10-11). Wollowick then filed his answer on April 29, 2016. (Doc. # 12). The case proceeded and the Court referred the matter to

mediation, which resulted in a settlement between Seiger and Wollowick. (Doc. # 22). On the basis of the mediator's report that indicated Seiger and Wollowick had reached a settlement, the Court dismissed the action with respect to those parties on August 12, 2016. (Doc. # 23).

Thereafter, Seiger filed the instant Motion, seeking default judgment against Food Solutions. Attached to the Motion are the declarations of Marsha Seiger and Luis F. Androuin. Mrs. Seiger's declaration substantiates the allegations of the Complaint. See (Doc. # 25-1).

As for Androuin, he has 15 years' experience as an ADA consultant in the areas of residential and publicly owned, commercial facilities. (Doc. # 25-2 at ¶ 2). In December of 2015, Androuin inspected the premises relevant to this suit and has submitted his report regarding the alleged violations at the property. (Id. at ¶¶ 4-5). In his report, Androuin summarizes his opinion as:

> This Expert hereby gives notice that areas of the above referenced location contain elements (including policies and procedures) in violation of the Americans With Disabilities Act 42 U.S.C. Sec.12181, *et seq.*, ("ADA"), its implementing guidelines 28 CFR 36, Appendix A, Americans With Disabilities Act Accessibility Guidelines (ADAAG" or "ADA Standards"), and the Florida Accessibility Code for Building Construction (FACBC), and thus constitute barriers to access for individuals who

4

> require a wheelchair to ambulate and/or who live with other disabilities.

(Id. at 5-6) (footnotes omitted). The report continues on by listing each violation and providing a recommended remedy. (Id. at 6-19). Androuin opines "that six to nine months' time should be sufficient to compete [sic] the work. That time period does not allow for Acts of God, potential delays in the permitting process, and the like." (Id. at ¶ 10).

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must

5

ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**III. Discussion**

Title III of the ADA provides, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To successfully bring a claim under the ADA, a plaintiff must prove "(1) that [he] is an individual with a disability, (2) that defendant is a place of public accommodation, (3) that defendant denied his full and equal enjoyment of the goods, services, facilities or privileges offered by defendant, (4) on the basis of his disability." Cohan v. Rist Props., LLC, No. 2:14-cv-439-FtM-38DNF, 2015 WL 224640, at *2 (M.D. Fla. Jan. 15, 2015) (quoting Schiavo ex rel. Schindler v. Schiavo, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005)).

"Further, if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to show that it is a barrier prohibited by the ADA, the removal of which is 'readily achievable.'" Pinero v. 4800 W. Flagler, L.L.C., No. 09-21349-CIV, 2011 WL 346082, at *3 (S.D. Fla. Jan. 11, 2011) (citation omitted). "'Readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

The Florida Americans with Disabilities Accessibility Implementation Act, Fla. Stat. § 553.501, et seq., "adopts the ADA standards for accessible design and incorporates them into the 'Florida Accessibility Code for Building Construction.'" Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1219 n.2 (M.D. Fla. 2012).

Additionally, "[t]o issue a permanent injunction under the ADA . . . the Court must apply the same factors as it would in any other case in which a plaintiff sought a permanent injunction." Wilson v. Broward Cty., Fla., No. 04-61068-CIV, 2008 WL 708180, at *1 (S.D. Fla. Mar. 14, 2008). That is, the plaintiff must establish:

> (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a

7

>remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). A plaintiff lacks standing to seek injunctive relief in ADA cases unless the complaint alleges "facts giving rise to an inference that he will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

Upon review, the Court finds the Complaint, along with the declarations submitted in support of the Motion, provides a sufficient legal basis for the entry of default judgment. Seiger suffers from both physical and mental impairments that require him to use a wheelchair and to rely on his wife for assistance. (Doc. # 1 at ¶¶ 4-6, 8; Doc. # 25-1). In addition, Food Solutions is alleged to be the tenant of the property located at 2164 Gulf Gate Drive, Sarasota, Florida 34231. (Doc. # 1 at ¶ 14). Seiger also visited the property and desires to revisit the property; however, he is deterred from doing so due to the architectural barriers identified in his Complaint. (Id. at ¶¶ 26-28; Doc. # 25-1 at ¶¶ 6-11). These facts, which are taken as true in light of Food Solutions' default, are sufficient to establish that Food Solutions has discriminated against Seiger.

Furthermore, the Court determines that Seiger has carried his burden as to the issuance of an injunction. Seiger alleges he suffered an injury in fact when he was precluded or limited from enjoying the goods and services offered by Food Solutions at the property. (Doc. # 1 at ¶¶ 21, 23). In addition, Seiger has sufficiently alleged a causal connection in that Food Solutions allowed the barriers to persist. (Id. at ¶ 27). And, Seiger's injury will be redressed by a favorable ruling as he alleges he will be unable to enjoy the goods and services offered at the property until the architectural barriers are remedied. Moreover, Seiger adequately alleges that he intends to visit the property but cannot because of the barriers listed in the Complaint. (Id. at ¶¶ 22, 24, 26). After considering the balance between the parties, and weighing the public interest, the Court finds Seiger entitled to the injunctive relief he seeks.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Alvin Seiger's Motion for Judgment After Default (Doc. # 25) is **GRANTED.**

(2) The Clerk is directed to enter default judgment in favor of Plaintiff Alvin Seiger and against Defendant Mindy and Joe's Food Solutions, Inc.

(3) Defendant Mindy and Joe's Food Solutions, Inc. is enjoined from discriminating against individuals with disabilities, including Plaintiff Alvin Seiger, to the extent that it must remediate the subject property, located at 2164 Gulf Gate Drive, Sarasota, Florida 34231, by the following:

a. provide an accessible parking space in compliance with ADA Standard § 505, the signage of which shall comply with ADA Standard § 703.7, and which shall be marked as required by Florida Statute § 553.5041(6);

b. provide an accessible route in compliance with ADA Standard §§ 206.2.1, 206.2.2, 206.2.4, 303, 403, 405, and 406;

c. install a ramp complying with ADAAG 405, or construct a curb ramp complying with ADA Standard § 406 beginning where the access aisle to the accessible parking space meets the sidewalk. If Food Solutions receives a permit variance authorizing a ramp from the sidewalk protruding into the parking lot and adjacent to the access isle, any ensuing permanent ramp must comply with ADAAG 405;

    d.    ensure all changes in the main entrance level permitted by the ADA comply with ADA Standard § 303. Accordingly, a curb ramp or ramp complying with ADA Standard §§ 405 or 406 must be installed to provide an accessible path from the accessible parking space to be constructed to the main entrance of the property. Food Solutions may avail itself of the exceptions provided by ADA Standard § 405.2. The ramp shall provide a 5' x 5' level landing at the main entrance door in compliance with ADA § 405.7;

    e.    regarding the restroom,

        i.    widen the existing doorway and install a door that complies with ADA Standard § 404. Food Solutions may avail itself of Exception 1 provided by ADA Standard § 404.2.3, which provides that, in alterations, a projection of 5/8" (16 mm) maximum into the required clear width shall be permitted for the latch side stop. Otherwise, the door must have clear width of 32" (815 mm) minimum when measured between the face of the door and the stop, with the door open 90 degrees;

        ii. due to the limited space on approach to the restroom area, Food Solutions may provide the minimum and least clear width permitted of 42" on the approach to the restroom as set forth in ADA Standard § 404.2.4.1, figure (f);

        iii. install a lever-type handle at the door that complies with ADA Standard § 404.2.7;

f. place a sign, complying with ADA Standard § 703.3.4, containing the international wheelchair symbol near the inaccessible restrooms, which indicates the location of the accessible restroom;

g. provide at least one Unisex restroom fully accessible by wheelchair complying with ADA Standard §§ 213.2.1 and 604. Food Solutions shall ensure that clearance around the commode complies with ADA Standard § 604.3.1. Accordingly, Food Solutions will widen the restroom by demolishing a non-load bearing wall in order to provide a 5' x 5' footprint for the accessible restroom;

h. the Unisex restroom shall provide a grab-bar on the side and a grab-bar on the rear wall complying with ADA Standard §§ 604.5.1 and 604.5.2, respectively;

    i.    the Unisex restroom shall provide flush controls that comply with ADA Standard § 604.6 and that are mounted on the open side;

    j.    the Unisex restroom shall provide toilet paper dispensers that are positioned as required by ADA Standard § 604.7. Paper towels and other dispensers will be placed within the reach ranges permitted by ADA Standard § 308;

    k.    the mirror in the Unisex bathroom shall be mounted in accordance with ADA Standard §§ 213.3.5 and 603.3, Mirrors;

    l.    the lavatory shall comply with ADA Standard §§ 213.3.4 and 606;

    m.    Food Solutions shall establish and enforce a policy and procedure to ensure that no items are placed within the required maneuvering clearance in the restroom; and

    n.    Food Solutions shall maintain the premises in operable working condition, including those features of the facility and equipment that are required to be readily accessible to and usable by persons with disabilities by the ADA.

(4) Food Solutions shall complete the remediations outlined above within nine months' from the date of this Order, subject to acts of God, *force majeure*, or events beyond the control of Food Solutions.

(5) Once judgment is entered, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of September, 2016.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE