```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
ALVIN SEIGER,

        Plaintiff,

v.                                  Case No. 8:16-cv-475-T-33AEP

HERBERT E. WOLLOWICK, et al.,

        Defendants.
_____/
```

**ORDER**

This matter comes before the Court in consideration of Plaintiff Alvin Seiger's Verified Application for Attorneys' Fees, Costs, and Litigation Expenses (Doc. # 26), filed on September 14, 2016. The time for filing a response has passed and no response in opposition has been filed, nor has a motion to set aside the default judgment entered against Defendant Mindy and Joe's Food Solutions, Inc. on September 28, 2016, (Doc. # 28), been filed. For the reasons that follow, the Court grants the Motion.

**I.   Background**

Seiger is over 18 years of age and "is a disabled individual who has, among other things, physical and mental impairments that substantially limit one or more major life activities." (Doc. # 1 at ¶¶ 4-5). Seiger's physical impairment requires him to use a wheelchair and "a mental

impairment . . . requires Mrs. Seiger[, who is Seiger's wife and attorney-in-fact,] to undertake all decisions on" his behalf. (Id. at ¶¶ 6, 8).

Defendant Herbert E. Wollowick is the owner and lessor of real property and related facilities located at 2164 Gulf Gate Drive, Sarasota, Florida 34231, which is the property at issue in this suit. (Id. at ¶ 12). The premises that are the subject of this suit contain "a grocery store/Restaurant and related facilities." (Id. at ¶ 15). Defendant Food Solutions is a Florida corporation with "its main place of business in Sarasota County, Florida." (Id. at ¶ 13). Food Solutions is the lessee or operator of a restaurant located on the property owned by Wollowick. (Id. at ¶ 14). Seiger desires to visit the property but he is deterred from doing so "until the discriminatory barriers of access of which he is aware are removed and remedied." (Id. at ¶¶ 26, 28).

Seiger therefore brought this action on February 29, 2016, against Wollowick and Food Solutions. (Id.). The Complaint asserts two Counts: a claim for injunctive relief against Wollowick and Food Solutions for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (Count I); and a claim for injunctive relief against Wollowick and Food Solutions for violations of the Florida Americans

with Disabilities Accessibility Implementation Act, Fla. Stat. § 553.501, et seq. (Count II).

Service of process was effected as to Food Solutions on April 1, 2016, and as to Wollowick on April 9, 2016. (Doc. ## 8-9). On April 26, 2016, Seiger applied for the entry of Clerks' Default against Food Solutions; Food Solutions was defaulted the next day, April 27, 2016. (Doc. ## 10-11). Wollowick then filed his answer on April 29, 2016. (Doc. # 12). The case proceeded and the Court referred the matter to mediation, which resulted in a settlement between Seiger and Wollowick. (Doc. # 22). On the basis of the mediator's report that indicated Seiger and Wollowick had reached a settlement, the Court dismissed the action with respect to those parties on August 12, 2016. (Doc. # 23).

Thereafter, Seiger filed a motion seeking default judgment against Food Solutions. Attached to the motion were the declarations of Marsha Seiger and Luis F. Androuin. Mrs. Seiger's declaration substantiated the allegations of the Complaint. See (Doc. # 25-1). After review, the Court granted the motion for default judgment on September 27, 2016, and default judgment was entered against Food Solutions on September 28, 2016. (Doc. ## 27-28). Seiger moves for an award of attorneys' fees, costs, and expenses. (Doc. # 26).

**II. <u>Analysis</u>**

The ADA provides a court with the discretion to award "the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. "In determining whether the fees requested are reasonable, courts consider 'the number of hours reasonably expended on the litigation' and the reasonable hourly rate, the product of which is the 'lodestar' reasonable sum the party may recover." <u>Hoewischer v. MGML, LLC</u>, No. 3:11-cv-862-J-32PDB, 2015 WL 1138475, at *1 (M.D. Fla. Mar. 13, 2015) (quoting <u>Bivins v. Wrap It Up, Inc.</u>, 548 F.3d 1348, 1350 (11th Cir. 2008)). Furthermore,

> In determining the reasonable hourly rate, the court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman* [*v. Hous. Auth. of Montgomery*], 836 F.2d [1292,] 1299 [(11th Cir. 1988)]. "The relevant legal community" is generally the place where the case is filed. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). In determining if the requested rate is reasonable, the court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303.

<u>Hoewischer</u>, 2015 WL 1138475, at *1 (footnote omitted).[1]

---

[1] The court in <u>Hoewischer</u>, summarized the <u>Johnson</u> factors as:

4

In addition, the ADA "permits the Court to award reasonable litigation expenses, including expert fees." Stringham v. Eym Diner of Fla., LLC, No. 6:13-cv-1204-Orl-22KRS, 2014 WL 4954686, at *4 (M.D. Fla. Oct. 2, 2014). And, a prevailing party is entitled to costs, as defined by 28 U.S.C. § 1920.

As a preliminary matter, Seiger obtained a judgment against Food Solutions and is thus the prevailing party. In the Motion, Seiger seeks a total of $7,756.25 in attorney's fees, litigation expenses, expert fees, and costs. That sum of $7,756.25 is comprised of the following: attorney's fees of $395 per hour multiplied by 14 hours, totaling $5,530;

---

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

2015 WL 1138475, at *1 n.2 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

5

costs of $400 for the filing fee plus $75, $85, and $75 for process server fees, totaling $635; and expert fees of $185 per hour multiplied by 8.5 hours, plus $18.75 in costs incurred by the expert, totaling $1,591.25. In support of this request, Seiger has submitted a detailed time sheet, a record of costs incurred, and the signed declaration of the expert retained in this case attesting to the fees he charged. (Doc. ## 26-1, 26-2).

After review of Seiger's request and supporting documentation, the Court agrees all requested amounts are reasonable, with one exception. The amount for service of process must be reduced. "Private process server fees may be taxed pursuant to §§ 1920(1) and 1921 as long as they do not exceed the statutory fees authorized in § 1921." Hoewischer v. Khazraee, No. 3:11-cv-264-J-34MCR, 2012 WL 6761657, at *3 (M.D. Fla. Dec. 6, 2012) (citations and internal quotation marks omitted). The fee charged by the United States Marshal "for serving a subpoena or summons under 28 U.S.C. § 1921 is $55.00 per witness." Id. Accordingly, the amount for fees related to the private process server are reduced from $235 to $165. See Id.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

6

(1) Plaintiff Alvin Seiger's Verified Application for Attorneys' Fees, Costs, and Litigation Expenses (Doc. # 26) is **GRANTED.**

(2) The Court awards Plaintiff Alvin Seiger attorney's fees in the amount of $5,530, costs in the amount of $565, and expert fees in the amount of $1,591.25, for a total of $7,756.25.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of October, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE